UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

LAWRENCE ALAN HABERMAN,

        Plaintiff,           Case No. 1:14-cv-646

v.                                    Honorable Janet T. Neff

JACKSON NATIONAL LIFE INSURANCE
COMPANY,

        Defendant.
_____/

**OPINION DENYING LEAVE
TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES**

        Plaintiff Lawrence Alan Haberman is a federal prisoner incarcerated at Federal Correctional Institution–Marianna. On July 1, 2014, the Court granted Plaintiff's application for leave to proceed *in forma pauperis*. The Court subsequently received $350.00 from Plaintiff for payment of the filing fee. Since that time, however, it has come to the Court's attention that Plaintiff previously filed at least three lawsuits that were dismissed for failure to state a claim; thus, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). Consequently, the Court will revoke Plaintiff's IFP status and will order him to pay the remainder of the $400.00 civil action filing fee applicable to those not permitted to proceed *in forma pauperis* within twenty-eight (28) days of this opinion and accompanying order. If Plaintiff fails to do so, the Court will order that his action be dismissed without prejudice. Even if the case is dismissed, Plaintiff will remain responsible for full payment of the filing fee in accordance with *In re Alea*, 286 F.3d 378, 380-81 (6th Cir. 2002).

**Background**

According to the complaint, on February 8, 2000, Plaintiff purchased an annuity from Defendant Jackson National Life Insurance Company. In November and December 2007, Defendant allegedly turned over the "contract history, purged diary, correspondence, [and] telephone recordings" pertaining to Plaintiff and his account to a federal grand jury and to drug enforcement agents. (Compl., docket #1, Page ID#4.) In addition, Defendant turned over the funds in the account to federal agents in response to an allegedly invalid arrest warrant. Apparently, Plaintiff was later convicted of several criminal offenses, and the sentencing court ordered the forfeiture of those funds. As explained by another court:

> On February 1, 2008, [Plaintiff] pleaded guilty to criminal forfeiture and conspiracy to distribute and possess with intent to distribute more than five kilograms of cocaine. On March 4, 2008, the court entered a preliminary order of forfeiture directing that [Plaintiff] forfeit the sum of $20,000,000, as well as funds on deposit in certain specified financial accounts, the cash value of a life insurance policy, and plaintiff's interest in real property, the total of which was to be deducted from the $20,000,000. On May 20, 2008, the court sentenced [Plaintiff] to a term of imprisonment of 360 months, to be followed by a five-year term of supervised release, and ordered the forfeiture of the aforementioned property identified in the preliminary order of forfeiture.

*Haberman v. United States*, Nos. 4:14–CV–223–A, 4:07–CR–188–A (01), 2014 WL 1803415, at *1 (N.D. Tex. May 6, 2014).

In at least three prior civil actions filed by Plaintiff, he has attempted to recover his forfeited property, without success. In 2013, he filed an action in the district court for the Northern District of Texas seeking return of forfeited property under Rule 41(g) of the Federal Rules of Criminal Procedure. That action was summarily dismissed for failure to state a claim. *See Haberman v. United States*, Nos. 4:13-cv-1017-A, 4:07–CR–188–A (01), 2014 WL 717200 (N.D. Tex. Feb. 24, 2014). Plaintiff also filed a separate action in the Northern District of Texas claiming

that a $24,000 deposit was unlawfully seized and forfeited by federal agents. The latter action also was dismissed for failure to state a claim. *See Haberman*, 2014 WL 1803415, at *2.

In addition to seeking recovery from the government, Plaintiff has filed two actions seeking damages from Defendant. In a previous action filed in this Court, Plaintiff claimed that Defendant released his funds in violation of the Securities Exchange Act of 1934, 15 U.S.C. § 78a *et seq*. *See Haberman v. Jackson Nat'l Life Ins. Co.*, No. 1:14-cv-88 (W.D. Mich. May 5, 2014). On May 5, 2014, the Court dismissed that action for failure to state a claim. *See id.* Following that dismissal, Plaintiff filed the instant action under a different theory. Plaintiff now claims that Defendant released his funds and information in violation of the Fourth Amendment.

## Discussion

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners – many of which are meritless – and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir. 1998); *accord Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir. 2007) (citing *Wilson*, 148 F.3d at 604-06); *Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999); *Rivera v. Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997).

The three prior actions discussed herein were dismissed for failure to state a claim. Consequently, Plaintiff has three strikes under § 1915(g). Moreover, Plaintiff's allegations do not fall within the exception to the three-strikes rule because he does not allege any facts establishing that he is under imminent danger of serious physical injury.

In light of the foregoing, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action. Plaintiff has twenty-eight (28) days from the date of entry of this order to

pay the remaining portion of the $400.00 civil action filing fee, which is $50.00.  After Plaintiff pays the $50.00 fee, the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c).  If Plaintiff fails to pay the foregoing fee within the 28-day period, his case will be dismissed without prejudice, but he will continue to be responsible for payment of the $400.00 filing fee in full.

Dated:   July 29, 2014              /s/ Janet T. Neff
                                    Janet T. Neff
                                    United States District Judge

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:
Clerk, U.S. District Court
399 Federal Building
110 Michigan Street, NW
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**