UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAWRENCE HABERMAN,

       Plaintiff,                                   Hon. Janet T. Neff

v.                                                      Case No. 1:14-CV-646

JACKSON NATIONAL LIFE
INSURANCE COMPANY,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion to Dismiss. (Dkt. #17). In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for resolution of dispositive motions, the undersigned recommends that Defendant's motion be **granted** and this matter **terminated**.

## BACKGROUND

This case arises out of Plaintiff's 2008 convictions for conspiracy to distribute and possess with the intent to distribute more than five kilograms of cocaine. *See Haberman v. United States*, 2014 WL 1803415 at *1 (N.D. Tex., May 6, 2014). Plaintiff was sentenced to serve 30 years in prison and forfeit the sum of twenty million dollars ($20,000,000.00). To satisfy this forfeiture order, or at least a portion thereof, Plaintiff was ordered to forfeit "specific financial accounts, seized cash, and real property, the total of which was to be deducted from the $20,000,000 total." *Id.*

Plaintiff initiated the present action in this Court on June 16, 2014. The following allegations are contained in Plaintiff's complaint. In 2000, Plaintiff opened an annuity account with Defendant Jackson National Life Insurance Company. On or about December 6, 2007, representatives of Jackson National, in response to a seizure warrant, surrendered to the Drug Enforcement Administration the monies contained in Plaintiff's annuity account. At the time of its seizure, Plaintiff's account with Jackson National was valued at approximately eighty-seven thousand dollars ($87,000.00). Plaintiff alleges that Jackson National's conduct violated his Fourth Amendment rights. Defendant Jackson National now moves to dismiss Plaintiff's complaint.

## **LEGAL STANDARD**

A Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief may be granted tests the legal sufficiency of a complaint by evaluating the assertions therein in a light most favorable to Plaintiff to determine whether such states a valid claim for relief. *See In re NM Holdings Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2000).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court subsequently held, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that

are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

## ANALYSIS

In support of its request for relief, Defendant asserts two arguments only one of which, the timeliness of Plaintiff's action, need be considered. Plaintiff asserts a constitutional tort, namely that Defendant violated his Fourth Amendment rights by complying with a court order to surrender the monies in question. The timeliness of constitutional tort actions is determined by reference to the statute of limitations applicable to personal tort actions in the state where the claim arose. *See, e.g., Verhovec v. City of Trotwood, Ohio*, 2015 WL 1809419 at *3 (S.D. Ohio, Apr. 21, 2015) (citing *Hardin v. Straub*, 490 U.S. 536 (1989)).

Under Michigan law, the limitations period applicable to personal injury actions varies, but in no circumstance is longer than five (5) years. *See* Mich. Comp. Laws § 600.5805. While the

Court looks to state law to identify the applicable statute of limitations, federal law must be applied when determining when the relevant limitations period begins to run. *See, e.g., Hebron v. Shelby County Government*, 406 Fed. Appx. 28, 30 (6th Cir., Dec. 22, 2010). Under federal law, the statute of limitations begins to run "when plaintiffs knew or should have known of the injury which forms the basis of their claims." *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001). A plaintiff has reason to know of his injury when he "should have discovered it through the exercise of reasonable diligence." *Dotson v. Lane*, 360 Fed. Appx. 617, 619 n.2 (6th Cir., Jan. 5, 2010).

On March 4, 2008, the United States District Court for the Northern District of Texas entered a order of forfeiture directing that Plaintiff forfeit certain property including certain financial accounts. *See Haberman*, 2014 WL 1803415 at *1. Plaintiff had knowledge of the forfeiture of the account in question more than six years before the present action was initiated. Thus, the present action is untimely. Plaintiff has failed to advance, and the Court does not discern, any argument that the statute of limitations should have been tolled in this matter or that the limitations period is otherwise inapplicable. Plaintiff's action is, therefore, untimely and must be dismissed.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendant's Motion to Dismiss, (Dkt. #17), be **granted** and this matter **terminated**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: August 18, 2015

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge